**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold SAMOUR, Defendant–**
**Appellant.**

**No. 98–3825.**

United States Court of Appeals,
Sixth Circuit.

Argued: Oct. 25, 1999

Decided and Filed: Dec. 17, 1999

Dale E. Williams, Jr. (argued and briefed), Office of the U.S. Attorney, Columbus, Ohio, for Appellee.

David J. Graeff (argued and briefed), Columbus, Ohio, for Appellant.

Before: KEITH, CONTIE, and DAUGHTREY, Circuit Judges.

## OPINION

CONTIE, Circuit Judge.

The district court sentenced defendant-appellant Harold Samour ("Samour") to an eighteen-month term of imprisonment and a three-year term of supervised release following the revocation of his original three-year term of supervised release. On appeal, Samour asserts that the new three-year term of supervised release violates 18 U.S.C. § 3583(h). We reject Samour's assignments of error and affirm the district court's sentencing determinations for the following reasons.

### I.

On April 13, 1992, a jury found Samour guilty of: conspiracy to possess and distribute marijuana in violation of 21 U.S.C. § 846; money laundering in violation of 18 U.S.C. § 1956(a)(1) and 18 U.S.C. § 2; interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952 and 18 U.S.C. § 2; and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Samour to a 97–month term of imprisonment, imposed a three-year term of supervised release, and fined him $100,000.

On November 12, 1993, this court reversed Samour's money laundering conviction, affirmed Samour's remaining convictions, and remanded this action to the district court for resentencing. *See United States v. Samour*, 9 F.3d 531 (6th Cir. 1993). On March 14, 1994, the district court sentenced Samour to an 84–month term of imprisonment, imposed a three-year term of supervised release, and fined him $100,000.

On May 16, 1997, Samour began serving his three-year term of supervised release. On May 8, 1998, Samour's probation officer prepared a supervised release violation report which detailed Samour's criminal distribution of controlled substances while on supervised release. Samour turned himself in to the authorities, waived a preliminary hearing before a magistrate judge, and admitted his criminal conduct.

■ On June 19, 1998, the district court revoked Samour's three-year term of supervised release and imposed a new eighteen-month term of imprisonment and a new three-year term of supervised release. Specifically, the district court held:

NOW, on this 19th day of June, 1998, the defendant being present in Court, with counsel, at the hearing on this matter and showing no cause why the Supervised Release heretofore imposed herein should not be revoked and the Court being fully advised ... finds that the defendant has violated the conditions of Supervised Release;

IT IS THEREFORE ORDERED AND ADJUDGED that the order placing the defendant on Supervised Release be ... revoked;

IT IS FURTHER ORDERED by the Court that the defendant herein be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of eighteen (18) months to run consecutive to any sentence imposed in the pending state drug case. After service of the eighteen (18) month sentence the defendant shall serve an additional three (3) year term of supervised release.

Order Revoking Supervised Release and Imposing Sentence at 1.[1]

1. Following the revocation of his original three-year term of supervised release, the district court sentenced Samour to serve "a term of eighteen (18) months to run consecutive to any sentence imposed in the pending state drug case" on June 19, 1998. On October 9, 1998, this court held that 18 U.S.C. § 3584(a), the statute authorizing district courts to im-

pose concurrent or consecutive sentences does not authorize district courts to order sentences to be served consecutively to not-yet-imposed state court sentences. *United States v. Quintero*, 157 F.3d 1038, 1039 (6th Cir.1998). Though this court's decision in *Quintero* is noteworthy, Samour waived his right to argue the applicability of *Quintero* by

Samour thereafter filed his timely notice of appeal.

## II.

### Samour's Sentence Under 18 U.S.C. § 3583(h)

■ On March 14, 1994, the district court sentenced Samour to a term of imprisonment and a three-year term of supervised release. Following his imprisonment, Samour violated numerous conditions of his supervised release. The district court therefore revoked Samour's supervised release and sentenced him to an additional eighteen-month term of imprisonment and a new three-year term of supervised release. On appeal, Samour asserts that the district court should not have sentenced him to a term of imprisonment and a term of supervised release that totaled more than thirty-six months (*i.e.*, the length of the supervised release term that was revoked). *See* Appellant's Brief at 9–11 ("[S]ubtracting the eighteen months of the revocation sentence he is now serving from the thirty-six month term of supervised release means the most that the trial court could have sentenced him to was eighteen months and not thirty-six months.... [Accordingly], it is respectfully asserted that this case be remanded with an order for the trial court to limit the supervised release portion of the sentence to eighteen months.").

In response, the United States asserts that the district court properly included in its order a requirement that Samour serve a new three-year term of supervised release following his term of imprisonment:

When a defendant, like Samour, commits new offenses while on supervised release, a district court may revoke a term of supervised release under § 3583(h). If the defendant is required to serve a term of imprisonment upon revocation that is less than the maximum authorized under 18 U.S.C. § 3583(e)(3), the district court may require that the defendant be placed on supervised release after imprisonment for a term not to exceed that authorized by statute for the offense of conviction. In a case such as Samour's, where the maximum term of supervised release under 21 U.S.C. § 841(b)(1)(C) can be life, the district court can impose a new term of supervised release of at least three years.

Appellee's Brief at 5.

Because Samour challenges the district court's interpretation of 18 U.S.C. § 3583(h), we review the district court's conclusions *de novo. See United States v. Brown,* 915 F.2d 219, 223 (6th Cir.1990) ("A district court engages in statutory construction as a matter of law, and we review its conclusions *de novo.*") (citations omitted).

Under 18 U.S.C. § 3583(h), a court may order a new term of supervised release following the revocation of a previously-imposed term of supervised release if the new term of imprisonment imposed by the court is less than the maximum term of imprisonment authorized by 18 U.S.C. § 3583(e)(3). Specifically, § 3583(h) provides:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection(e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release au-

---

failing to raise the issue on appeal. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 403 n. 18 (6th Cir.1999) ("We do not address defendants' belated argument that they are entitled to qualified immunity. It was not presented to this court in the initial briefs on appeal and is therefore waived."); *Bickel v. Korean Air Lines Co.,* 96 F.3d 151, 153 (6th Cir.1996) (defendant waived issue by failing to raise it in its opening briefs to this court).

thorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h).

Because § 3583(h) authorizes a court to order a new term of supervised release following the revocation of a previously-imposed term of supervised release if the new term of imprisonment is less than the maximum term of imprisonment authorized by 18 U.S.C. § 3583(e)(3), we must determine whether the district court sentenced Samour to a term of imprisonment that is less than the maximum term authorized by § 3583(e)(3). Section 3583(e)(3) provides:

> The court may … revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute … if the court … finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

18 U.S.C. § 3583(e)(3).

On March 14, 1994, the district court sentenced Samour to concurrent three-year terms of supervised release following his convictions for conspiracy to distribute marijuana, interstate travel in aid of a racketeering enterprise, and possession with intent to distribute marijuana. When the district court revoked Samour's supervised release on June 19, 1998, the court stated that it was revoking the three-year term of supervised release that resulted from Samour's conspiracy to distribute marijuana conviction. *See* Order Revoking Supervised Release and Imposing Sentence at 1. Samour's conspiracy to distribute marijuana conviction resulted from a violation of 21 U.S.C. §§ 841 and 846. Because a class B felony is defined as a felony punishable by twenty or more years of imprisonment, *United States v. Reese*, 71 F.3d 582, 584 (6th Cir.1995), and because Samour could have been sentenced to more than twenty years in prison under 21 U.S.C. § 841(b), the district court properly held that the maximum term of imprisonment that Samour faced following the revocation of his supervised release term was three years pursuant to 18 U.S.C. § 3583(e)(3).

Because Samour's conspiracy to distribute marijuana conviction is governed by 21 U.S.C. § 841, we must look to the penalty provisions of section 841 to determine the term of supervised release authorized for "the offense that resulted in the original term of supervised release." 18 U.S.C. § 3583(h). Pursuant to 21 U.S.C. § 841(b)(1)(C), the district court had the authority to impose a supervised release term of "at least 3 years."[2] In other words, a court may impose a new term of supervised release following the revocation of a previously-imposed term of supervised release pursuant to 18 U.S.C. § 3583(h), and the length of the new term is governed by 18 U.S.C. § 3583(e)(3) and, in this action, 21 U.S.C. § 841(b)(1)(C).

After revoking Samour's original three-year term of supervised release, the dis-

---

2. The phrase, "at least 3 years," establishes a minimum, not a maximum, term of supervised release. *See United States v. Page*, 131 F.3d 1173, 1180 (6th Cir.1997) ("[T]he words 'at least' in section 841(b)(1)(C) indicate that a term of supervised release greater than three-years may be imposed; otherwise, the words 'at least' have no meaning."), *cert. denied*, — U.S. ——, 119 S.Ct. 77, 142 L.Ed.2d 61 (1998). Indeed, "[t]he only logical explanation of the words 'at least' is that the court may impose a term of supervised release that is greater than the minimum term specified [and] the length of the maximum term is at the court's discretion." *Id.* at 1179.

trict court sentenced Samour to an eighteen-month term of imprisonment and imposed a new three-year term of supervised release. The eighteen-month term of imprisonment is clearly less than the maximum term authorized under 18 U.S.C. § 3583(e)(3) for a class B felony (*i.e.*, three years). Because the eighteen-month term of imprisonment was less than the maximum term of imprisonment authorized under section 3583(e)(3) for a class B felony, the district court did not err by sentencing Samour to a new three-year term of supervised release under 18 U.S.C. § 3583(h).

Because the district court sentenced Samour to a term of imprisonment less than the maximum term authorized by 18 U.S.C. § 3583(e)(3), the district court had the authority to include a new three-year term of supervised release under 18 U.S.C. § 3583(h). We therefore reject Samour's first assignment of error.

### 18 U.S.C. § 3583(h) and the Ex Post Facto Clause

█ On appeal, Samour asserts that "[t]he Ex Post Facto Clause of the Constitution precludes the implementation of § 3583(h) since it was passed after the March 1994 sentence in this case." Appellant's Brief at 5. In response, the United States asserts that § 3583(h) does not violate the Ex Post Facto Clause of the United States Constitution because it "does not alter punishment for a defendant's original offense, but instead imposes punishment for new offenses committed after the effective date of the statute by a defendant while on supervised release." Appellee's Brief at 5.

On September 13, 1994, Congress enacted 18 U.S.C. § 3583(h). Section 3583(h) provides that a term of supervised release may be imposed following the revocation of a previously-imposed term of supervised release. Because section 3583(h) imposes punishment for a new offense (*i.e.*, violating the conditions of supervised release) committed after section 3583(h) was enacted, a court does not violate the Ex Post Facto Clause of the United States Constitution by sentencing a defendant to a term of supervised release following the revocation of a previously-imposed term of supervised release, even if the defendant's original sentencing occurred prior to the enactment of 18 U.S.C. § 3583(h). *See United States v. Abbington*, 144 F.3d 1003, 1005 (6th Cir.) (sentencing a defendant to a term of supervised release following the revocation of the original term of supervised release does not violate the Ex Post Facto Clause—even if, at the time of the defendant's original sentencing, 18 U.S.C. § 3583(h) had not yet been enacted—because section 3583(h) imposes punishment for offenses committed after the statute's enactment), *cert. denied*, —— U.S. ——, 119 S.Ct. 344, —— L.Ed.2d —— (1998). *See also United States v. Bivens*, 181 F.3d 104 (6th Cir.1999) (unpublished) ("[T]he application of § 3583(h) does not violate the Ex Post Facto Clause."); *United States v. Page*, 131 F.3d at 1176 ("[S]ection 3583(h) does not alter the punishment for defendants' original offenses; section 3583(h) instead imposes punishment for defendants' new offenses ... committed after section 3583(h) was passed.").

Because 18 U.S.C. § 3583(h) imposes punishment for offenses committed while on supervised release following the enactment of section 3583(h), we reject Samour's second assignment of error because section 3583(h) does not violate the Ex Post Facto Clause of the United States Constitution.

### III.

Accordingly, we **AFFIRM** the district court's sentencing determinations.