**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George OLIVER, Defendant–Appellant.**

Nos. 02–5973, 02–5938.

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2003.

Yuell Frank Reeves, Pollock, LA, for Petitioner.

Tony R. Arvin, Asst. U.S. Attorney, Memphis, TN, for Plaintiff-Appellee.

Linda Parson Khumalo, Memphis, TN, for Defendant-Appellant.

Before ROGERS and COOK, Circuit Judges; and BERTELSMAN, District Judge.*

*ORDER*

George Oliver, a federal prisoner proceeding through counsel, appeals the sen-

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

tence imposed upon his conviction for armed bank robbery (No. 02–5937) and the revocation of his term of supervised release (No. 02–5938). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Oliver was convicted of conspiracy to defraud the United States and was sentenced to 27 months in prison and 3 years of supervised release. Oliver completed his prison sentence in 2000 and began his term of supervised release. On December 20, 2000, his probation officer filed a petition notifying the court that Oliver had violated his terms of supervised release by committing various traffic violations and by participating in the bank robbery described below. The district court revoked Oliver's supervised release for these reasons and sentenced Oliver to 30 months in prison, to be served after the completion of his prison term for the bank robbery.

In 2000, a grand jury indicted Oliver and two co-defendants on one count of aiding and abetting armed bank robbery and one count of using and carrying a firearm during or in relation to a crime of violence. Pursuant to an oral plea agreement, Oliver pleaded guilty to armed bank robbery in exchange for the dismissal of the other count, as well as certain sentencing recommendations by the government. The presentence investigation report (PSR) calculated Oliver's offense level as 24, his criminal history category as VI, and the guidelines range of imprisonment as 100 to 125 months. Oliver filed objections, challenging, inter alia, a five-level enhancement to his offense level for possessing or brandishing a firearm. *See* USSG § 2B3.1(b)(2)(C). The district court overruled his objections and sentenced Oliver to 100 months in prison, 4 years of super-

vised release, $3,093 in restitution, and a $100 special assessment.

Oliver filed timely notices of appeal in both cases. In his appellate brief, Oliver reasserts his challenge to the firearm enhancement.

This court reviews a district court's application of the sentencing guidelines de novo, and its findings of fact for clear error. *United States v. Cowan,* 196 F.3d 646, 647–48 (6th Cir.1999).

Section 2B3.1(b)(2)(C) provides for a five-level increase "if a firearm was brandished or possessed" during a crime of robbery, extortion, or blackmail. A defendant's sentence may be enhanced under § 2B3.1(b)(2)(C) based upon another's conduct if the government proves by a preponderance of the evidence that the defendant participated in a jointly undertaken criminal activity during which a firearm was foreseeably possessed or brandished. *See United States v. McCall,* 85 F.3d 1193, 1198 (6th Cir.1996); USSG § 1B1.3(a)(1)(B).

The district court properly applied the enhancement. Oliver did not contest the facts as presented in the PSR, including the fact that he had written the note which was presented to the bank teller. According to Oliver, the note said, "This is a bank robbery. Put the money on the counter, or I'll shoot you if you don't cooperate." One of his co-defendants gave the note to the teller, and the other pulled out a silver gun. Based on these facts, the district court did not err by concluding that the possession of the firearm was reasonably foreseeable to Oliver.

Although Oliver filed a separate notice of appeal as to the revocation of his supervised release, Oliver does not raise any issue in his appellate brief concerning the revocation. Thus, any issue concerning the revocation has been waived. *See Unit-*

*ed States v. Samour,* 199 F.3d 821, 822 n. 1 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed.