NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0161n.06

Case No. 23-1473

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 10, 2024<br>KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| QWAN DE-EL EDISON, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; GRIFFIN and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Qwan De-El Edison pleaded guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Following a 37-month term of confinement, Edison was released, subject to conditions imposed by the court. But he failed to honor those terms, as reflected by his no contest plea to a state law offense. The district court revoked Edison's supervised release and sentenced him to an additional 27 months of confinement and 60 months of supervised release.

On appeal, Edison faults the district court for failing to credit his "time spent in prison"—both his pre-revocation and post-revocation sentences—against his new term of supervised release. In doing so, he challenges the procedural reasonableness of his sentence. *See United States v. Small*, 988 F.3d 241, 257 (6th Cir. 2021). Because Edison failed to raise these issues with the district court, we review only for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

Begin with Edison's request that his supervised release term be reduced based on his post-revocation term of imprisonment. Federal law limits the maximum supervised release term a district court may impose following revocation of an earlier term. The new term "shall not exceed the term of supervised release authorized by statute" for the original offense, "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

In the ordinary case, § 3583(h) is enforced by resorting to elementary math principles. But Edison's case has a wrinkle. By congressional design, his original offense had no maximum term of supervised release. *See* 21 U.S.C. § 841(b)(1)(C) (authorizing "a term of supervised release of at least 3 years"); *United States v. King*, 272 F.3d 366, 376 (6th Cir. 2001) (noting "there is no 'prescribed statutory maximum' for supervised release in [21 U.S.C. § 841(b)(1)(C)]"). As a result, there was nothing from which the district court could meaningfully subtract the 27 months of imprisonment imposed on Edison following revocation of his supervised release. *See United States v. Samour*, 199 F.3d 821, 824–25 (6th Cir. 1999), *abrogated on other grounds by Johnson v. United States*, 529 U.S. 694 (2000) (conducting no subtraction under § 3583(h) when the original sentenced was governed by 21 U.S.C. § 841(b)(1)(C)); *see also United States v. Simmons*, 69 F.4th 91, 95 (3d Cir. 2023) (collecting cases). His sentence is therefore procedurally sound. After all, Edison's 60-month term of supervised release does not "exceed the term of supervised release authorized by [§ 841(b)(1)(C)], less [the 27 months] of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). This is because subtracting from a limitless period of supervised release still leaves no limit. *See* Kerry Mullen, Mathematics and Statistics 37 (2018).

Our decision in *United States v. Owens*, 750 F. App'x 415 (6th Cir. 2018) does not say otherwise. *Owens* reflected a straightforward application of § 3583(h). The defendant's original offense carried a maximum of 36 months of supervised release. *Id.* at 421–22.

2

Following revocation, the district court imposed 24 months of confinement and 36 months of supervised release. *Id.* at 422. We vacated that sentence because, under § 3583(h), the new term of supervised release could not exceed 12 months (36 - 24 = 12). *Id.* Unlike in *Owens*, there was no maximum term of supervised release for Edison's original offense.

In response, Edison frames his request as one for "credit" for time served. But § 3583(h) does not grant credit against a new term of supervised release; it merely reduces the maximum term of supervised release. *See, e.g.*, *United States v. Price*, 901 F.3d 746, 750–51 (6th Cir. 2018).

Edison's final claim—that his new term of imprisonment should be reduced based on his initial confinement—is a nonstarter. The limitation in § 3583(h) is based on the post-revocation term of imprisonment, not the pre-revocation term of imprisonment. *See* 18 U.S.C. § 3583(h). So the district court considered the proper factors in calculating Edison's term of supervised release.

\* \* \* \* \*

We affirm the judgment of the district court.