NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2597
_____

UNITED STATES OF AMERICA

v.

IBN ABDULLAH, a/k/a Askia Abdullah,
a/k/a IBBN, a/k/a IB,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-14-cr-00050-006)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 12, 2024

Before: CHAGARES, *Chief Judge*, PORTER, and SCIRICA, *Circuit Judges.*

(Filed: September 4, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Ibn Abdullah ("Abdullah") appeals from the District Court's order finding he violated a condition of his supervised release by committing a state crime. Abdullah argues the District Court erred in accepting his guilty plea and waiver of a revocation hearing because, when providing a factual basis for the violation, Abdullah suggested he had a justification defense. For the following reasons, we will affirm the District Court.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we will recite only the facts pertinent to our disposition. After pleading guilty to two drug offenses, on January 9, 2015, Abdullah was sentenced to serve eighty-four months in federal prison and eight years of supervised release. **[App. 33–36.]** He commenced his term of supervised release on July 19, 2019. **[Appellant's Br. 2; Appellee's Br. 2.]**

Approximately one year later, in July 2020, the Probation Office filed an Amended Petition for Warrant or Summons for Offender under Supervision alleging that Abdullah had violated the conditions of supervised release: (1) prohibiting him from committing another federal, state, or local crime; (2) requiring him to refrain from the illegal possession and use of drugs; and (3) requiring him to maintain employment. **[App. 37–39.]** In February 2022, the Probation Office filed a new Petition alleging two additional violations: (4) Abdullah again violated the condition prohibiting him from committing another crime; and (5) Abdullah violated the condition requiring him not to leave the District of New Jersey without the Court's or his Probation Officer's

2

permission. **[App. 42–43.]** The fourth violation ("Violation No. 4") stemmed from the issuance of an arrest warrant charging Abdullah with attempted murder, aggravated assault, and related offenses after he shot at an individual, A.W., in Atlantic City, New Jersey. **[App. 42.]** The Probation Office determined that Violation No. 4 was categorized as a Grade A violation pursuant to U.S.S.G. § 7B1.1(a)(1). **[App. 42.]**

On September 14, 2021, the District Court conducted a hearing on Violations Nos. 1, 2, and 3. **[*See* App. 44–47; Appellant's Br. 6; Appellee's Br. 3.]** Abdullah was found guilty of the first three counts by stipulation, but no sentence was imposed. **[App. 44–47.]**

On June 1, 2023, the parties appeared before the District Court once again and asked the Court to accept a guilty plea on Violation No. 4 and to dismiss Violation No. 5. **[App. 48.]** Prior to the District Court hearing, Abdullah had entered a guilty plea to second-degree aggravated assault in New Jersey Superior Court. **[App. 48–50.]** The guilty plea stemmed from the shooting incident in Atlantic City which gave rise to Violation No. 4. Since the plea agreement in New Jersey Superior Court provided that the state sentence would be served concurrently with any federal sentence, the State Court had postponed sentencing to allow the District Court to impose the revocation sentence first. **[App. 49.]** However, the District Court declined to impose the sentence until after the state sentence was imposed, and so the District Court allowed Abdullah to withdraw his revocation plea. **[App. 49–53.]**

After being sentenced in New Jersey Superior Court, Abdullah returned to District Court on August 17, 2023, to resolve Violations Nos. 4 and 5. **[*See* App. 18–32; Appellant's Br. 7; Appellee's Br. 4.]** Abdullah pleaded guilty to Violation No. 4, which

3

alleged that he violated the mandatory condition prohibiting him from committing another "federal, state, or local crime." App. 42. While setting fourth the factual basis for the plea, Abdullah testified he had pleaded guilty to aggravated assault in New Jersey Superior Court, but suggested he had a justification defense. **[App. 19–21.]** The District Court asked Abdullah to clarify, stating: "You entered a plea to aggravated assault. You admitted to aggravated assault. And here today you seem to hedge. . . . You seem to retreat from the notion that you shot at somebody with the intent to do them harm. Did you shoot at someone with the intent to do them harm?" App. 22–23. In response, Abdullah stated: "I ain't shoot at nobody with attempt to do harm, no." App. 23. Thus, the District Court called a break and instructed Abdullah to speak with defense counsel to determine whether he still wished to plead guilty in federal court to Violation No. 4. **[App. 22–27.]**

After the break, defense counsel advised the District Court that Abdullah wanted to "admit [to] the violation of supervised release," Abdullah would be "able to say that he shot at the person who was shooting at him but that it was not self-defense," and that there "was not a self-defense claim in the case." App. 30. Abdullah subsequently agreed to go forward with his guilty plea, admitted to Violation No. 4, and disavowed any self-defense claim associated with the charge. **[App. 29–31, 59–60.]**

Having adjudicated Abdullah guilty of four violations of his conditions of supervised release, the District Court proceeded to sentence Abdullah. The District Court revoked Abdullah's previous term of supervised release, sentenced him to four concurrent terms of thirty-six months in federal prison, and imposed an additional eight

4

years of supervised release. **[App. 15.]**

Abdullah subsequently filed a timely notice of appeal. **[App. 1.]**

II.

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction to review the District Court's revocation of supervised release under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We review a district court's decision to revoke supervised release for abuse of discretion. *See Gov't of Virgin Islands v. Martinez*, 239 F.3d 293, 297 (3d Cir. 2001). But because Abdullah did not contemporaneously object to any aspect of his conviction or sentence, we review for plain error. *See United States v. Turlington*, 696 F.3d 425, 427 (3d Cir. 2012); *see also United States v. Vonn*, 535 U.S. 55, 58–59 (2002). Plain error review requires Abdullah to establish: "(1) there was an error; (2) the error was clear or obvious; (3) the error affected his substantial rights; and (4) the error affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Simmons*, 69 F.4th 91, 94 (3d Cir. 2023).

III.

Pursuant to Section 3583(e)(3), a district court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). "Revocation proceedings are subject to 'minimum requirements of due process.'" *United States v. Maloney*, 513 F.3d 350, 356 (3d Cir. 2008) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). "These requirements have been incorporated into Rule 32.1 of the Federal Rules of Criminal

Procedure, which governs the revocation of supervised release." *Id.*

Rule 32.1(b) provides that, before a district court may revoke supervised release, the individual alleged to have violated the terms of release is entitled to a preliminary hearing, followed by a revocation hearing at which the individual has the right to notice and counsel, to question adverse witnesses, and to present evidence. Fed. R. Crim. P. 32.1(b). However, a defendant may waive the right to this hearing. Fed. R. Crim. P. 32.1(c)(2)(A).

When a defendant challenges a judgment revoking supervised release, the question is whether, under the totality of the circumstances, the Rule 32.1 waiver was knowing and voluntary. *See United States v. Manuel*, 732 F.3d 283, 291 (3d Cir. 2013) ("[I]n order for due process to be satisfied in the context of a parole revocation hearing, the defendant's waiver of rights under Rule 32.1 must be knowing and voluntary under a 'totality of the circumstances.'" (citation omitted)). "This standard does not require rigid or specific colloquies with the district court. Rather, the district court, when confronted with an attempted waiver, will advise the person on supervised release of both the rights afforded him and the consequences of relinquishing those rights." *Id.* (quotation marks, citation, and alterations omitted). Thus, no "magic words" are required. *Id.* (quotation marks and citation omitted).

Here, the District Court accepted Abdullah's waiver of a revocation hearing on Violation No. 4. **[App. 56.]** Abdullah claims the District Court erred by accepting the waiver and guilty plea because, even though Abdullah and defense counsel admitted "there was no self-defense claim," the Court "should have elicited additional facts to

6

determine whether [Abdullah] reasonably believed" he was acting in self-defense. Appellant's Br. 10–11. According to Abdullah, the District Court's "[f]ailure to do so was plain error" since it deprived him of a hearing to determine whether Violation No. 4 "was actually defined and admitted." *Id.* at 11. But this claim lacks merit for several reasons.

First, the District Court had sufficient evidence to accept Abdullah's guilty plea and waiver of a revocation hearing on Violation No. 4. To revoke a term of supervised release, a court must find by "a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). And we have previously noted that "[a] court can revoke probation when it is reasonably satisfied that the probation conditions have been violated, without the government being required to present proof beyond a reasonable doubt that the defendant committed the alleged acts." *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004) (quotation marks and citation omitted). In this case, Abdullah did not contest the alleged violation before the District Court. Indeed, he acknowledged that he had pleaded guilty and been convicted of new criminal conduct in New Jersey State Court while on supervised release. **[App. 20–21, 30–31.]** And even if Abdullah had not admitted to the violation, proof of the subsequent state court criminal conviction was sufficient to establish a violation of his condition of supervised release. *See United States v. Lloyd*, 566 F.3d 341, 344 (3d Cir. 2009) (finding that an individual's guilty plea to a state charge of felon in possession was sufficient evidence to establish a violation and thus justify revocation of supervised release).

Second, close examination of the record compels the conclusion that Abdullah's

7

waiver of a revocation hearing was "knowing and voluntary," and the revocation proceedings complied with due process. *See Manuel*, 732 F.3d at 291. The District Court confirmed that defense counsel reviewed the petition for revocation with Abdullah and that Abdullah understood the charge against him and the underlying facts. **[App. 25–31.]** The District Court explained to Abdullah that he was entitled to a revocation hearing, in which the government would offer evidence to prove those charges. *See* App. 26 ("[During a hearing] the government would be put to its proofs to attempt to prove by a preponderance of the evidence, which in this case may be relatively simple in light of what I understand to have been a guilty plea in state court under oath."). Abdullah admitted he had pleaded guilty to the charges in state court, *see* App. 20–21, and maintained his desire to waive the right to a revocation hearing even *after* the District Court paused proceedings to allow Abdullah to discuss the self-defense claim with his counsel, *see* App. 25–31. The totality of the circumstances demonstrates Abdullah's knowing and voluntary revocation hearing waiver and his admission that he violated his conditions of supervised release. Thus, Abdullah cannot show "there was an error" in the proceedings, as required by our plain error test. *See Simmons*, 69 F.4th at 94.

Abdullah claims Rule 11 of the Federal Rules of Criminal Procedure compels a different conclusion because the Rule provides that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); *see also* Appellant's Br. 9.[1] But Abdullah's reliance on Rule 11 is

---

[1] In his brief, Abdullah cites Rule 11(f) of the Federal Rules of Criminal Procedure. *See* Appellant's Br. 9. However, as the government points out, "the requirement that a district

misplaced. As a threshold matter, Rule 32.1, not Rule 11, "governs revocation or modification of probation or supervised release." *United States v. Barnhart*, 980 F.2d 219, 222 (3d Cir. 1992); *see also United States v. Taylor*, 747 F.3d 516, 519 (8th Cir. 2014) ("The requirements for acceptance of guilty pleas under Federal Rule of Criminal Procedure Rule 11 do not apply at revocation hearings."); *United States v. Melton*, 782 F.3d 306, 309 (6th Cir. 2015) (noting that "several of our sister circuits have addressed this same question and concluded that Rule 11 is not applicable to supervised release revocation proceedings," and collecting cases). And here, the revocation proceeding complied with the requirements of Rule 32.1: Abdullah's hearing was held within a reasonable time following his state adjudication; he was provided with written notice of the allegations of his violations in the form of the Probation Office's Petition; evidence against him was provided in the Petition and at the hearing; he appeared at the hearing and was given the opportunity to offer evidence on his behalf (although, instead, he did not contest the violations); he was represented by counsel; and the District Court provided a statement of its reasoning for revoking Abdullah's term of supervised release. *See* Fed. R. Crim. P. 32.1(b)(2); *see also Maloney*, 513 F.3d at 356 (listing the minimum requirements for revocation proceedings under Rule 32.1 and due process). Therefore, Abdullah's argument relating to the adequacy of the proceedings lacks merit.

Finally, even if Abdullah could show error, he cannot demonstrate that "the error affected his substantial rights." *Simmons*, 69 F.4th at 94. "In order for an error to affect

---

court ensure an adequate factual basis for a guilty plea was moved to Rule 11(b)(3) in December 2002." Appellee's Br. 7 n.3 (emphasis omitted).

substantial rights, it must have been prejudicial; in other words, it must have affected the outcome of the district court proceedings." *United States v. Plotts*, 359 F.3d 247, 249 (3d Cir. 2004) (quotation marks and citation omitted). As previously noted, Abdullah's guilty plea to aggravated assault in New Jersey Superior Court was adequate proof that he committed a new crime in violation of his conditions of supervised release. *See Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) ("It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues."). Thus, the state court guilty plea foreclosed Abdullah from asserting a claim of self-defense before the District Court. *See Lloyd*, 566 F.3d at 344 ("[Defendant's] firearm violation is supported by non-hearsay evidence (the [state court] judgment and plea agreement) and is not in dispute. This violation suffices to justify revocation of [defendant's] supervised release . . . ."); *see also* App. 60 ("His lawyer asked him in state court if he had fired a gun in the direction of [A.W.], and he said yes. And then he asked him if in doing so he intended to cause serious bodily injury, and he said yes."). Because Abdullah's claim of self-defense could not have had affected the outcome of the proceedings, he fails to meet our plain error test.

In sum, the District Court here did not err by accepting Abdullah's waiver of a revocation hearing on Violation No. 4. Rather, Abdullah's revocation proceedings complied with both due process and Rule 32.1's requirements.

## IV.

For the foregoing reasons, we will affirm.

10