NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2755
_____

UNITED STATES OF AMERICA

v.

JOSEPH ABBINANTI,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:17-cr-00234-001)
U.S. District Judge:  Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 27, 2025
_____

Before: SHWARTZ, KRAUSE, and PORTER, Circuit Judges.

(Filed: January 28, 2025)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Joseph Abbinanti appeals the sentence imposed for violating the conditions of his supervised release. Because the sentence was substantively reasonable, we will affirm.

I

Abbinanti pled guilty to bank robbery and was sentenced to sixty months' imprisonment, followed by three years' supervised release.[1] Approximately six months after he commenced his supervised release, Abbinanti (1) left a court-ordered drug treatment facility where he had showed "signs of relapse," App. 31, (2) was fired from his job for poor performance, and (3) failed to respond to his probation officer's repeated attempts to contact him. Based on these facts, the probation officer petitioned the District Court to revoke Abbinanti's supervised release. The petition was later withdrawn without prejudice to enable Abbinanti to come into compliance with his release conditions.

Thereafter, Abbinanti (1) was fired from another job for failing to report to work, (2) was discharged from a substance abuse program for not attending appointments, (3) failed to schedule a required mental health assessment, (4) missed an appointment with his probation officer, and (5) was unreachable when the officer tried to contact him. Abbinanti also was terminated from a third job due to "poor attendance and disruptive

---

[1] Abbinanti's supervised release included conditions such as (1) working full-time unless his probation officer excused him from doing so, (2) participating in a drug testing program and a mental health assessment, (3) reporting to his probation officer, (4) following his probation officer's instructions, (5) living in an approved place, and (6) not committing another crime.

outbursts." App. 34. Based on this conduct and the conduct alleged in the first petition, the probation officer petitioned the District Court to revoke Abbinanti's supervised release.

A few months later, Abbinanti pled guilty to state charges for resisting arrest, reckless endangerment, and simple assault on his then-girlfriend. The probation officer filed a supplemental petition detailing Abbinanti's crimes, noting he posed "a risk to public safety." App. 48.

The District Court thereafter held a revocation hearing. During the hearing, Abbinanti admitted to the Grade B violation for committing crimes while on supervised release and the Grade C violations arising from his failure to comply with the release conditions requiring him to (1) work full-time, (2) participate in drug testing and a mental health assessment, (3) report to his probation officer, (4) follow his probation officer's instructions, and (5) live at an approved location.[2] Based on his Grade B violation and criminal history category of V, the Court calculated the Sentencing Guidelines range as 18 to 24 months.[3]

Abbinanti requested a downward variance to accommodate his need for mental health and substance abuse treatment. Abbinanti testified that the probation-approved

---

[2] Grade A violations include conduct constituting felony crimes of violence, drug, or firearm offenses, Grade B violations include conduct constituting other felony offenses, and Grade C violations include violations of any other condition of supervision. U.S.S.G. § 7B1.1(a)(1)-(3).

[3] Where, as here, "there is more than one violation of the conditions of supervision," "the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b). The District Court accordingly considered Abbinanti's Grade B violation in calculating the Sentencing Guidelines range.

treatment program required him to report during work hours and that he sought alternative programs. The District Court declined to grant the variance, explaining in part that even if the probation-approved program might have conflicted with his ability to work, he may not "decide for [himself] that [he was] not going to go to it" or "go to some program that better fit[] [his] schedule." App. 79.

The Court then considered the nature and circumstances of Abbinanti's offense, his history and characteristics, as well as the need for deterrence and to protect the public, and sentenced him to eighteen months' imprisonment, followed by eighteen months' supervised release. The Court recommended that Abbinanti participate in substance abuse and mental health treatment programs while in prison and required him to participate in similar programs upon release.

Abbinanti appeals.

## II[4]

Abbinanti challenges the substantive reasonableness of his sentence, asserting that it does not adequately account for his need for mental health and substance abuse treatment. Two considerations guide our review. First, we "presume that a sentence within the advisory Guidelines is reasonable." United States v. Handerhan, 739 F.3d 114, 124 (3d Cir. 2014). Second, a sentence is substantively unreasonable if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for

---

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a sentence's substantive reasonableness for abuse of discretion. United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

4

the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Both considerations show that Abbinanti's sentence was substantively reasonable. First, Abbinanti received a sentence at the bottom of the Guidelines range, and nothing in the record causes us to question that his sentence is presumptively reasonable. See Handerhan, 739 F.3d at 124. Abbinanti violated various release conditions, including failing to (1) remain employed, (2) participate in drug testing and mental health programs, and (3) respond to his probation officer. He also committed other crimes while on release. In explaining Abbinanti's sentence, the District Court noted his "many, many violations," expressed concern about his behavior, explained that his criminal history category of V was "high," and stated that there was a need to deter Abbinanti and protect the public from future crimes. App. 80.

Second, for the same reasons, we cannot say that no reasonable sentencing court would have imposed the sentence here. See Tomko, 562 F.3d at 568. Abbinanti's sentence appropriately (1) sanctioned him for breaching the District Court's trust when he violated various release conditions and (2) accounted for his criminal history and criminal conduct while on release. See United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006) (holding that courts imposing sentences for supervised release violations may consider a defendant's breach of trust, and to a limited degree, the seriousness of his underlying violations and criminal history).

Moreover, contrary to Abbinanti's claims, the District Court adequately addressed his need for mental health and substance abuse treatment. The Court acknowledged

5

Abbinanti's concern that his treatment obligations might have conflicted with his ability to work, but as the Court explained, that did not mean he could simply choose not to receive treatment or pick a program better suited to his schedule. The Court also recognized his treatment needs by (1) recommending that he participate in substance abuse and mental health treatment while in prison and (2) requiring similar treatment upon release. Even if the District Court did not give Abbinanti's concerns the weight he believes they deserve, that "does not render [his] sentence unreasonable." United States v. Simmons, 69 F.4th 91, 96 (3d Cir. 2023) (alteration in original).

For these reasons, Abbinanti's sentence was substantively reasonable.

III

For the foregoing reasons, we will affirm.