**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-2832 & 24-3230
_____

UNITED STATES OF AMERICA

v.

TAIRE HARDEMAN,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2:20-cr-00204-009 & 2:21-cr-00150-001)
U.S. District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 10, 2025
_____

Before: SHWARTZ, MATEY, and MONTGOMERY-REEVES, Circuit Judges.

(Filed: November 12, 2025)
_____

OPINION[*]
_____


SHWARTZ, Circuit Judge.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Taire Hardeman appeals his sentence for violating conditions of his supervised release. Because the sentence was procedurally and substantively reasonable, we will affirm.

I

Hardeman pled guilty to drug offenses and was sentenced to 36 months' imprisonment followed by three years' supervised release. Approximately eleven months after his supervised release commenced, law enforcement responded to reported gunfire and found a young baby and a woman, who said that Hardeman threatened and physically assaulted her and that a shot was fired during the altercation. Hardeman was charged with terroristic threats, simple assault, and harassment,[1] and the Probation Office petitioned the District Court to revoke his supervised release.

At the revocation hearing, the District Court considered evidence and concluded that Hardeman (1) physically assaulted the woman, (2) caused her injuries, and (3) possessed a firearm, which was fired during the assault. Based on these facts, the Court found that Hardeman committed simple assault, a Grade A violation of the conditions of his release.

In determining his sentence, the District Court first acknowledged it must calculate the Guidelines sentencing range and, as directed by 18 U.S.C. § 3583(e), consider "relevant factors" under § 3553, including deterrence, protecting the public from future crime, and promoting rehabilitation. App. 155. The Court then explained that it is more

---

[1] These charges were later withdrawn.

lenient at the initial sentencing but "less lenient down the line" because violations of conditions of release reflect a "breach of [the Court's] trust" and indicate that the violator is "going down the wrong path." See App. 165. The District Court next considered (1) the seriousness "the nature and circumstances of the offense here," namely domestic violence, which involved harm to the victim with her baby present, a firearm, and a gunshot, and (2) the need to deter such conduct and to protect the public from future crime, including "potential victims in this case." App. 165-66. Although the Court also considered the mitigating factors of Hardeman's employment and that he served his "time well before getting out," App. 166, "the seriousness of the offense and the breach of the Court's trust" warranted an above-Guidelines sentence. App. 166. As a result, the Court sentenced Hardeman to 48 months' imprisonment—a 15-month upward variance from the Guidelines range—followed by three years' supervised release.[2] Hardeman did not object.

Hardeman appeals.

## II[3]

We address Hardeman's claims of procedural and substantive error in turn.

### A[4]

---

[2] Hardeman's Guidelines range of 27 to 33 months' imprisonment was based on his Grade A violation and criminal history category of II. .

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[4] Because Hardeman did not object to the procedural reasonableness of his sentence before the District Court, we review it for plain error. Fed. R. Crim. P. 52(b);

3

To be procedurally reasonable, a sentencing court must consider, among other things, the relevant factors under 18 U.S.C. § 3553(a), as directed by 18 U.S.C. § 3583(e), including the nature and circumstances of the offense, as well as the need for the sentence imposed to deter criminal conduct, rehabilitate the defendant, and protect the public.. United States v. Clark, 726 F.3d 496, 500 (3d Cir. 2013); see also 18 U.S.C. § 3583(e)(3) (allowing consideration of certain § 3553(a) factors). In the supervised release context, the primary sentencing consideration is the violator's breach of the trust that the sentencing court placed in him by allowing him to be on supervised release, "while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006) (internal quotation marks omitted). A court may not, however, consider whether the sentence is necessary to punish the defendant based on the "seriousness" of the underlying offense of conviction. Esteras v. United States, 145 S. Ct. 2031, 2036, 2045-46 (2025) (holding that courts cannot consider § 3553(a)(2)(A) when revoking supervised release under § 3583(e)).

---

United States v. Simmons, 69 F.4th 91, 94 (3d Cir. 2023). In reviewing for plain error, we must decide whether "(1) an error occurred, (2) the error is 'plain,' and (3) it 'affect[s] substantial rights.'" United States v. Payano, 930 F.3d 186, 192 (3d Cir. 2019) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If these conditions are met, "a court of appeals should exercise its discretion to correct the error if it would 'seriously affect[] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 732).

4

Hardeman's sentence was procedurally reasonable. Although the District Court stated that it was considering the offense's seriousness, the context shows that the District Court was discussing the domestic violence, which resulted in him violating his supervised release. The Court spoke about how this domestic violence incident was more serious than others as it involved a firearm, a baby, and harm to the victim. Its consideration of the domestic violence incident was not error because courts may consider the conduct that led to the supervised release violation in conjunction with the defendant's "breach of trust." Dees, 467 F.3d at 853.

Furthermore, the District Court did not plainly err in imposing an upward variance. It provided its reasons for why it is generally "less lenient" in revocation proceedings, namely because violators have breached the Court's trust, and it seeks to prevent defendants from going down the "wrong path." See App. 165-66. In addition, the Court observed the "serious" nature of Hardeman's domestic violence confrontation, and the need to deter such conduct and to protect the public. App. 165-66. The Court reasonably noted these factors outweighed Hardeman's positive attributes, including his good conduct during his imprisonment and employment, and warranted an upward variance. See United States v. Bungar, 478 F.3d 540, 545-46 (3d Cir. 2007) (holding that an above-Guidelines sentence was reasonable given the court's consideration of "recent evidence of domestic violence, [which] showed not only that he continued to pose a threat to the community, but constituted a significant breach of the considerable trust that the [c]ourt reposed in him").

5

Therefore, Hardeman's sentence was procedurally reasonable.

B[5]

Having concluded that the sentence "is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). "Our substantive review requires us not to focus on one or two factors, but on the totality of the circumstances." Id. at 567 (citing Gall v. United States, 552 U.S. 38, 51 (2007)).

The District Court considered Hardeman's "breach of . . . trust" and the serious domestic violence incident, noting that the presence of a firearm "g[ave] [it] pause as to whether or not [Hardeman was] heading down the wrong path again." App. 166. It also noted the need to "protect the public from future crime, including protecting any potential victims in this case." App. 166. Given the goals of deterrence and protecting the public, we cannot say no reasonable sentencing court faced with the same facts would have imposed the same sentence. Thus, Hardeman's sentence is substantively reasonable.

III

For the foregoing reasons, we will affirm.

_____

[5] We review a sentence's substantive reasonableness for abuse of discretion. United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).